Fithian, J.
(concurring). The cause of action in this case is that defendant having innocently, but without authority or assent of the owner, become possessed of plaintiff’s property (the drafts in suit), and having, through the unauthorized use of plaintiff’s name, converted the same into money, which he refused to pay to plaintiff, the law gives the latter a right of action as for money had and received to his use. I think the action is clearly maintainable in such a case.
I concur in the opinion of the Court affirming the judgment in this case, on the ground solely that the power of attorney is not sufficiently broad and comprehensive to authorize the attorney to sign or indorse plaintiff’s name to any bill, draft, or note. The attorney was a special agent for one single purpose, and when he had received and receipted for the drafts or “ warrants” *74 specified, he had executed his power, and his authority as agent terminated. He held the drafts precisely as he would have held money if he had received that instead of the bills from the United States officer, viz., as the property of plaintiff, with no power or right of disposition whatever, save to pay over to plaintiff.
On the question whether in this case the power of attorney could be legally executed by one of the two joint attorneys, alone, I express no opinion.
The grounds upon which we put our decision in this case render it unnecessary to inquire whether the power of attorney was void by reason of its not being executed within the time required by the act of Congress of February 26,1853.
However, as the referee based his decision solely upon that ground, and the question was much discussed on the argument, it may not be inappropriate to state briefly my conclusions on that subject. I am of' opinion that the provisions of the statute- above mentioned are not intended to apply to all powers of attorney, but only to such as are irrevocable, and work an assignment to the attorney of an interest in the claim or its proceeds ; or in other words, powers coupled with an interest—for it is such only that are within the mischief sought to be remedied (6 Opinions Attorney-General, p. 60); and that a simple power or authority to an agent to collect and receive money on a demand against the government, in which the agent has no interest whatever, is not within the provisions of the first section of the Act of 1853, provided it be executed in accordance with the requirements of the Act of 1846 on that subject. I am also of opinion that as to such powers as are void within the provisions of the Act of 1853, they are so only as between the claimant and the government; that is, the officers of the government are authorized to disregard the power and treat it as a void instrument. If, however, the officers of the United States choose -to so far recognize the power as to pay over to the agent money or property on account of the claim, the claimant has his election to repudiate the act as no lawful payment, and still assert his *75 claim ; or he may ratify the act of payment, and pursue his money or property into the hands of his agent, or other persons to whom the agent may have delivered the same.- If he does the latter, he is subject,to and bound by all and every power of disposition or interference with the fund which he may have given, and which is valid at common law. The United States statute was not intended to affirm or avoid contracts between citizens, except so far as it affects the relations of the government with its citizens. Had the power of attorney in this case been sufficient at common law to authorize the agent to indorse Mils, the judgment must have been reversed. As it is, judgment is affirmed.